## THOMAS J. BUNN ET AL.
### v.
## THE PEOPLE, FOR USE, ETC.

*Principal and Surety—Debt—Board of Education—Treasurer of— Commissions—Voluntary Relinquishment of.*

Where a treasurer of a board of education has voluntarily paid to his successor in office the amount of money in his hands, including the amount he might be entitled to hold as commissions, under the statute, he can not subsequently, having been again elected to the office, retain from his then successor, the commissions on the funds handled by him during the first period for which he held the office. He can only retain the commissions out of the funds of the current year.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Messrs. STEVENSON & EWING and HAMILTON SPENCER, for appellants.

1. The appointment of an individual to an office for which a compensation is fixed by law is a contract to pay the officer such compensation, which the appointing power has no right or power to change. Patton's Case, 7 Court Cl. 371; Adams

v. U. S., 20 Court Cl. 115; U. S. v. Williamson, 23 Wall. 411; Dartmouth Coll. v. Woodward, 4 Wheat. 518, 694; Davis v. Gray, 16 Wall. 203–232; Bostarck v. Wisconsin, 103 U. S. 5.

2. Even where an officer, upon receipt of part of his legal compensation, gives a receipt in full, he is not thereby estopped from claiming, nor does he waive his right to claim and collect the residue. Montague v. Massey, 76 Va. 307; Neal v. Allen, Ib. 437; Adams v. U. S., 20 Court Cl. 115; Fisher v. U. S., 15 Court Cl. 323–330; Mitchell v. U. S., 18 Court Cl. 281; Dyer v. U. S., 20 Court Cl. 166; Baldwin v. U. S., 15 Court Cl. 297; People v. Board of Police, 75 N. Y. 38; Kehn v. State, 93 N. Y. 291; State v. Steele, 59 Texas, 200; State v. Cooke, 57 Texas, 205; U. S. v. Langton, 118 U. S. 389.

3. Even a positive contract made by an officer that he will not claim part or all of the compensation fixed by law is void, as being against public policy, and does not prevent him from claiming all such compensation. Much less does mere silence, or omission to make such claim, bar him. People v. Board of Police, 75 N. Y. 38; State v. Mayor of Nashville, 15 Lea, 697; Settle v. Sterling, 1 Idaho, 259 (cited in 13 U. S. Dig. N. S., 691, Sec. 35); Liverpool Corp. v. Wright, 1 John. (V. C. Rep.) 354, cited in Jacob Fisher's Dig., Vol. VI, 9559; State v. Purdy, 36 Wis. 213; Alvord v. Collin, 20 Peck, 418; State v. Collier, 72 Mo. 13; Tucker v. Aiken, 6 N. H. 140; Carruthers v. Russell, 53 Iowa, 346; Bac. Ab., "Offices and Officers," F, 299; Waterbury v. Lawton, 57 Conn. 173.

4. The doctrine of waiver or estoppel has no place as regards the compensation of public officers. People v. Board of Police, 75 N. Y. 38; Goldsborough v. U. S., Taney, C. C. R. 80; Montague v. Massey, 76 Va. 307.

5. There can be no estoppel *in pais* where positive contract could not produce the same result; nor can there be in any case without an element of fraud. Mueller v. Kassman, 84 Mo. 318; People v. Brown, 67 Ill. 435.

6. Silence without knowledge works no estoppel. Even knowledge on the part of Bunn that no compensation was intended, and that no appropriation by the board of educa-

tion was made, would not in any way affect his rights.   Hill v. Epley, 31 Pa. Stat. 334; Boggs v. Mining Co., 14 Cal. 368; State v. Mayor of Nashville, 15 Lea, 697.

Messrs. I. N. PHILLIPS and KERRICK, LUCAS & SPENCER, for appellees.

The two per centum of each year's revenue could only have been deducted from the revenues of that particular year; the statute does not contemplate the confusing of the revenues of different years, thus making the taxpayers of one year assume the burdens belonging to taxpayers of former years. Denby v. Moore, 1 Barn. & Ald. 123.

The yearly settlements of Bunn with the board have the quality and force of accounts stated, and can not be opened up except by showing fraud, accident, imposition, or mistake of fact, and then only in equity.   Bankhead v. Alloway, 6 Gold. 75; McDoe v. Brown, 2 Rich. (S. C.) 95 (1870 and 1871).

And this doctrine has been applied to accounts of an official nature, as between county treasurer and county board, town treasurer and town board, and to accounts of guardians, administrators, etc.   Sexton v. Richland Co., 27 Wis. 349; Milwaukee Co. v. Hackett, 21 Wis. 613; Jefferson Co. v. Jones, 19 Wis. 51; Middletown v. Miles, 61 Pa. St. 290; Porter v. Cain, 2 McMullin Eq. (S. C.) 84; Murrel v. Murrel, 2 Strob. Eq. (S. C.) 148; Harding v. County of Montgomery, 55 Iowa, 41; Thomas v. Board of Supervisors, 45 Mich. 479; Cox v. City of New York, 9 N. E. Rep. 48; Supervisors, etc., v. Birdsall, 4 Wend. 455; The Commissioners of Scioto v. Gherky, Wright (Ohio), 493; Gilchrist v. Brooklyn Grocers, etc., 66 Barb. 401; Bruen v. Hone, 2 Barb. 586; Skying v. Greenwood, 4 Barn. & Cress. 282 (side); Cave v. Mills, 7 Hurls. & Norm. 913; Shaw v. Picton, 4 Barn. & Cress. 715 (side).

An agreement by a treasurer, made before his appointment, that he will charge less compensation than the statute allows him, is so far binding upon such treasurer that he can not, after settling his accounts in accordance with the agreement, recover the additional fees allowed by statute.   Hobbs v. City of Yonkers, 32 Hun, 454.

CONGER, J.  This was an action of debt on the official bond of appellant as treasurer of the board of education of the city of Bloomington, and resulted in a judgment against appellant and his sureties for $14,687.28.

Appellant had acted as treasurer of such board of education from June 5, 1877, to the spring of 1886, having been elected from year to year during that period.  He was again elected as such treasurer in the spring of 1887, and remained such until May, 1888, when his successor was elected, and on June 9, 1888, made a formal demand upon appellant for the balance claimed to be in his hands.  Appellant replied in writing: "I refuse to pay over the sum of $15,777.78 (the amount demanded) to the board of education until a settlement is made with said board for services rendered, claiming two per cent on all amounts passing through my hands as treasurer of said board."

Appellant never made any claim to his commission of two per cent until the spring of 1888, and as he testifies, did not know that he was entitled by the law to such compensation until that time.  From year to year he made his reports showing balances in his hands without any charge for this two per cent, and when he went out of office the first time, in the spring of 1886, he paid over to his successor the entire amount in his hands with no deduction for commissions.  He now claims the right to deduct from the taxes in his hands, raised during the last year of his being in office, an amount equal to two per cent on all the amounts passing through his hands as treasurer during the entire time he held the office.  The Circuit Court rejected this claim, allowed him his two per cent commission for the last year during which he was in office, and rendered judgment against him for the balance in his hands.

A great many questions are raised and elaborately argued by counsel.  Such as, that appellant was a member of the board of education which elected him treasurer; that he was for a portion of the time postmaster and hence could not legally hold the office of treasurer.  We do not deem it important, however, to notice any of these.

We think the Circuit Court held correctly. All but the last year's commissions he had voluntarily paid in the spring of 1886 to his successor in office.

If he was ignorant of his right to retain his commission it was ignorance of the law, and not of fact, and from that he could not be relieved. Again the law says the treasurer "shall be permitted to retain two per centum," and this means, out of the current year; not that a treasurer may continue from year to year to pay out all the revenues in his hands, including his own commission, whether as a gratuity or from ignorance of his rights in the premises, and then, upon changing his mind, or becoming better informed as to his rights, break in on the revenue raised for the support of the public schools of the current year for back salary, or commissions. We find no error in the record, and the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*